J o n e s
Law Firm P.C

February 10, 2022

Hon. Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr. Federal
　Building and Courthouse
Courtroom 520
300 Quarropas Street
White Plains, New York 10601

>    Re:   Request for Extension on Time to Respond to Complaint in *Cushner v. Jacobs and Jacobs Communications Group LLC d/b/a BNC Voice*, No. 22 Civ. 00412

Judge Halpern:

I am counsel for the Defendants in the above-captioned case. Pursuant to this Court's Individual Rules, I write to request a 45-day extension to answer or otherwise respond to the Complaint. The original date for the responsive papers is next Monday, February 14, 2022.

Defendants move for the time to respond to be on or before Friday, April 1, 2022. Defendants will be sending a pre-motion letter to Plaintiff's counsel tomorrow under Part 4.C. of the Court's Individual Rules. Defendants will be arguing that this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) and Article III, § 2 of the U.S. Constitution. Under Part 4.C.ii.: **"This first exchange does not stay the time to answer or move to dismiss."** *Id.* (emphasis in original)

We ask for an extension to determine if this court has subject matter jurisdiction. The citizenship of an LLC is determined by the citizenship of each of its members (*i.e.*, equity owners). *See Bayerische*

*Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citation omitted).

In this case, Plaintiff is alleging she is a member of the LLC. Plaintiff alleges: "On or about September 2, 2012, Plaintiff and Defendants entered into an Amended Operating Agreement of Jacobs Communications Group LLC and Plaintiff was granted a thirty-five percent (35%) equity interest in Defendant BNC in the form of a newly created Class B membership interest, in consideration for a capital contribution of $1,000,000." ECF No. 1, ¶ 17.

Plaintiff appears to still be a member of the LLC, in which case diversity jurisdiction does not exist. Moreover, subject matter jurisdiction must be affirmatively pled by Plaintiff and cannot be assumed. As one court has observed: "It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). "The simplest misstep has the potential to derail years of litigation," as has been demonstrated numerous times. *See id.*

No prior request for an extension has been made. Counsel for the adversary has been asked on the phone and email but declined to respond on the request for an extension without consulting with their client (who they could not get a hold of).

However, as Defendants intend to move to dismiss for lack of subject matter jurisdiction, requesting an extension now seems prudent. Indeed, even if Defendants answered on this coming Monday, this Court

would still have an independent obligation to determine if it had jurisdiction. Rather than waste limited judicial resources, Defendants ask for time to investigate the matter further, discuss the issue with opposing counsel, and otherwise determine if the parties agree on whether this Court has the power to adjudicate this case.

Respectfully,

T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Avenue of the Americas, 7th Floor
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com