

STEVEN L. LEVITT
KAREN L. WEISS
―――――
IRENE TENEDIOS*
TREVOR M. GOMBERG* †
―――――
MATTHEW I. KOOPERSMITH*
IGOR M. MURTA
―――――

\* Also Admitted In New Jersey
† Also Admitted In D.C. and Florida
‡ Also Admitted in Texas

Of Counsel
HON. EDWIN KASSOFF
Presiding Justice, Appellate Term
NYS Supreme Court, Retired
(1924-2015)

ROSE LEVITT
JAMES E. BRANDT
MICHAEL D. SCHIMEK‡
―――――

May 26, 2022

**VIA ECF**

The Honorable Philip M. Halpern, U.S.D.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10007-1312

  Re: ***Beatrice Cushner v. Jacobs and Jacobs Communications Group LLC***
     <u>**Southern District of New York - Case No.: 7:22-cv-00412**</u>

Your Honor:

  This firm is counsel to Plaintiff Beatrice Cushner ("Ms. Cushner") in the above referenced matter. We write pursuant to Your Honor's Individual Rule 2(B) to explain the basis of subject matter jurisdiction in this matter.

  First, diversity of citizenship exists between the parties. Ms. Cushner is a citizen of the State of New York as she resides in New York. (Verified Complaint ¶ 1) (Dkt. 1) (the "Complaint"). Defendant Thomas W. Jacobs ("Mr. Jacobs") is a citizen of the State of South Carolina as he resides in South Carolina. (Complaint ¶ 2). Defendant Jacobs Communications Group LLC d/b/a BNC Voice ("BNC") is a limited liability company, with a single member, Mr. Jacobs. (Complaint ¶ 6). As such the citizenship of BNC for diversity jurisdiction purposes is also South Carolina. *Landesbank, New York Branch v. Aladdin Capital Management LLC,* 692 F.3d 42, 49 (2d Cir. 2012) ("a limited liability company…takes the citizenship of each of its members.").[1]

  Second, the amount in controversy exceeds $75,000.00. Mr. Jacobs and BNC entered into a Redemption Agreement with Ms. Cushner, whereby Ms. Cushner's previously held membership interest in BNC was redeemed. The redemption of Ms. Cushner's entire membership interest occurred on December 14, 2018 when the parties executed the Redemption Agreement. (Complaint ¶ 43). Defendants paid the first of three payment installments due under the Redemption Agreement, however, Ms. Cushner alleges that she was entitled to the second installment in the sum of at least $176,836.00 on or before December 14, 2019, which was not paid. (Complaint ¶ 47). Ms. Cushner additionally alleges that Defendants owe her at least

---

[1] We note that Defendants have not made a motion to dismiss based upon lack of diversity of citizenship.



$553,672.00 under a Promissory Note entered into between the parties for the third installment which comes due on December 14, 2022.

Thus, both diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00 such that this court has subject matter jurisdiction over this matter.

We thank your honor for your time and courtesies.

Respectfully submitted,
**LEVITT LLP**

By: _____
Karen L. Weiss

cc: T. Bryce Jones, Esq.
Jones Law Firm, P.C.
1270 Avenue of the Americas, 7th Fl.
New York, NY 10020
(212) 258-0685
bryce@joneslawnyc.com